| AO-10<br>Rev. 1/91 | FINANCIAL DISCLOSURE REPORT | Report Required by the Ethics<br>Reform Act of 1989, Pub. L. No.<br>101-194, November 30, 1989<br>(5 U.S.C.A. App. 6, §§101-112) |
|---|---|---|

| 1. Person Reporting (Last name, first, middle initial)<br><br>DeMOSS, HAROLD R. JR. | 2. Court or Organization<br><br>U. S. Court of Appeals<br>for the 5th Circuit | 3. Date of Report<br><br>June 28, 1991 |
|---|---|---|
| 4. Title (Article III judges indicate active or<br>senior status; Magistrate judges indicate<br>full- or part-time)<br><br>Judge, Active | 5. Report Type (check appropriate type)<br>X Nomination, Date 6/27/91<br>X Initial ___ Annual ___ Final | 6. Reporting Period<br><br>January 1, 1990<br>to May 31, 1991 |
| 7. Chambers or Office Address<br>2900 South Tower, Pennzoil Place<br>Houston, Texas 77002 | | |

> IMPORTANT NOTES: *The instructions accompanying this form must be followed.* Complete all parts, checking the NONE box for each section where you have no reportable information. *Sign on last page.*

## I. POSITIONS. (Reporting individual only; see pp. 7-8 of Instructions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ☐ NONE (No reportable positions) | |
| 1. Partner | Bracewell & Patterson, law firm, Houston, TX |
| 2. Partner | B & P Co., investment partnership, Houston, TX |

(continued on page 4)

## II. AGREEMENTS. (Reporting individual only; see p. 8-9 of Instructions.)

| DATE | PARTIES AND TERMS |
|---|---|
| ☐ NONE (No reportable agreements) | |
| 1. | Partnership Agreement of Bracewell & Patterson provides for future payments after my withdrawal or retirement from the firm based upon a percentage of average income of four highest years of income. Precise amount of monthly payments not yet determined. |

(continued on page 4)

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 9-12 of Instructions.)

| DATE<br>(Honoraria only) | SOURCE AND TYPE | GROSS INCOME<br>(yours, not spouse's) |
|---|---|---|
| ☐ NONE (No reportable non-investment income) | | |
| 1 | Bracewell & Patterson - partners distribution 1990 | $ 279,435.00 |
| 2 | Bracewell & Patterson - partners distribution 1991 | $ 106,000.00 (est) |
| 3 | Sun Refining Co. - oil and gas royalties    1990 | $ 1,120.00 |
| 4 | Sun Refining Co. - oil and gas royalties    1991 | $ 250.00 (est) |
| 5 | | $ |

Digitized by Google

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting<br><br>HAROLD R. DeMOSS, JR. | Date of Report<br><br>June 28, 1991 |
|---|---|---|

## IV. REIMBURSEMENTS and GIFTS – transportation, lodging, food, entertainment.
(Includes those to spouse and dependent children; use the parentheticals "(S)" and "(DC)" to indicate reportable reimbursements and gifts received by spouse and dependent children, respectively. See pp.13-15 of Instructions.)

| SOURCE | DESCRIPTION |
|---|---|
| ☐ NONE (No such reportable reimbursements or gifts) | |
| Exempt | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## V. OTHER GIFTS. 
(Includes those to spouse and dependent children; use the parentheticals "(S)" and "(DC)" to indicate other gifts received by spouse and dependent children, respectively. See pp.15-16 of Instructions.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| ☐ NONE (No such reportable gifts) | | |
| Exempt | | $ |
| | | $ |
| | | $ |
| | | $ |

## VI. LIABILITIES. 
(Includes those of spouse and dependent children; indicate where applicable, person responsible for liability by using the parenthetical "(S)" for separate liability of spouse, "(J)" for joint liability of reporting individual and spouse, and "(DC)" for liability of a dependent child. See pp.16-18 of Instructions.)

| CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|
| ☐ NONE (No reportable liabilities) | | |
| O.N.Baker, Attorney at Law Inc. | | |
| Employees Profit Sharing Trust (J) | Mortgage on rental condo units | N |
| First Interstate Bank (J) | Unsecured notes | K |
| | | |
| | | |
| | | |

* VALUE CODES: J = $15,000 or less   K = $15,001 to $50,000   L = $50,001 to $100,000   M = $100,001 to $250,000   N = $250,001 to $500,000   O = $500,001 to $1,000,000   P = More than $1,000,000

Digitized by Google

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting HAROLD R. DeMOSS, JR. | Date of Report June 28, 1991 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS – income, value, transactions. (Includes those of spouse and dependent children; see pp. 18-27 of Instructions.)

| A. Description of Assets (including trust assets) Indicate, where applicable, owner of the asset by using the parenthetical "(J)" for joint ownership of reporting individual and spouse, "(S)" for separate ownership by spouse, "(DC)" for ownership by dependent child. Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Exempt | If not exempt from disclosure | | | | |
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div., rent or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1 Eight Condo Units – Rent Property, Houston, TX | E | rent | N | R | | | | | |
| 2 Kemper Clearing Corp. * (J) Acct.No.UW74-2358-1094 | B | div. | K | T | | | | | |
| 3 Kemper Clearing Corp. * Acct.No.UW74-2358-1110 | D | div./ int. | M | T | | | | | |
| 4 Kemper Clearing Corp. (S) Acct.No.UW74-2358-1096 | A | div. | L | T | | | | | |
| 5 Merrill Lynch * No. 582-15E85 | B | div./ int. | K | T | | | | | |
| 6 (S) Tanglewood Natl Bk | B | int. | K | T | | | | | |
| 7 First Interstate Bank | A | int. | J | T | | | | | |
| 8 Partnership K-1s | B | int. | K | U | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |

| 1 Income/Gain Codes: (See Col. B1 & D4) | A=$1,000 or less J=$15,000 or less | B=$1,001 to $2,500 K=$15,001 to $50,000 | C=$2,501 to 5,000 L=$50,001 to $100,000 | D=$5,001 to $15,000 M=$100,001 to $250,000 |
|---|---|---|---|---|
| 2 Value Codes: (See Col. C1 & D3) | E=$15,001 to $50,000 N=$250,001 to $500,000 | F=$50,001 to $100,000 O=$500,001 to $1,000,000 | G=$100,001 to $1,000,000 P=More than $1,000,000 | H=More than $1,000,000 |
| 3 Value Method Codes: (See Col. C2) | Q=Appraisal U=Book Value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market |

\* See attached monthly **reports** for **specifics** of current holdings

| FINANCIAL DISCLOSURE REPORT (cont'd) | Name of Person Reporting | Date of Report |
|---|---|---|
| | HAROLD R. DeMOSS, JR. | June 28, 1991 |

## VIII. ADDITIONAL INFORMATION or EXPLANATIONS. (Indicate part of Report.)

I. POSITIONS (continued)

3. Partner — Piping Rock Investors, investment partnership, Houston, TX (closed 12/31/89)

4. Trustee — McGregor Children's Trust, Houston, TX

5. Independent Administrator with Will Annexed — Estate of Harold R. DeMoss, Deceased, Houston, TX

6. Vice President — PGB Funding, Inc., Houston, TX

7. Director — Family Service Center, Houston, TX

8. Council Member — Administrative Conference of the U.S., Washington, D.C.

II. AGREEMENTS (continued)

2. — 401(K) Plan of Bracewell & Patterson permits continuation of my participation in plan after withdrawal or retirement, but with no future contributions to the Plan. Withdrawal payments must begin when I reach age 70-1/2 and permissive withdrawal of all or some portion of funds now vested in my account may occur upon my departure from the law firm or at any later time before mandatory withdrawal payments begin.

## IX. CERTIFICATION.

In compliance with the provisions of 28 U.S.C. § 455 and of Advisory Opinion No. 57 of the Advisory Committee on Judicial Activities, and to the best of my knowledge at the time after reasonable inquiry, I did not perform any adjudicatory function in any litigation during the period covered by this report in which I, my spouse, or my minor or dependent children had a financial interest, as defined in Canon 3C(3)(c), in the outcome of such litigation.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C.A. app. 7, § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature _Harold R DeMoss Jr_          Date _June 29, 1991_

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C.A. APP. 6, § 104, AND 18 U.S.C. § 1001.)

FILING INSTRUCTIONS:

Mail signed original and 3 additional copies to:

Judicial Ethics Committee
Administrative Office of the
United States Courts
Washington, DC 20544

Digitized by Google